

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2004

# Leach v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4125

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Leach v. Comm Social Security" (2004). *2004 Decisions.* Paper 825.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/825

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-4125

HATTIE LEACH,

Appellant,

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY
(District Court Civil No. 01-cv-00938)
District Court Judge: Hon. Faith S. Hochberg

Submitted Under Third Circuit LAR 34.1(a)
June 17, 2003

Before: ALITO, ROTH, and HALL,[*] <u>Circuit Judges</u>.

(Opinion Filed: April 16, 2004)

OPINION OF THE COURT

---

[*] The Hon. Cynthia Holcomb Hall, Circuit Judge for the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

HALL, <u>Circuit Judge</u>:

Hattie Leach appeals the district court's judgment affirming a final decision of the Commissioner of Social Security. The Commissioner's final decision was based on Administrative Law Judge Richard L. DeSteno's June 15, 2000 determination that Leach's carpal tunnel syndrome and hypertension do not render her disabled. Because the ALJ's decision was not supported by substantial evidence, we REVERSE.

The ALJ erred by determining that Leach does not suffer from a "severe impairment" without giving a reasoned explanation for his conclusion. The ALJ's only analysis of Leach's hypertension-related headaches and dizziness consisted of the conclusory statement that he found Leach's "alleged headaches and dizziness to be non-severe." This statement does not provide sufficient reasoning to permit us to determine whether the ALJ's decision was supported by substantial evidence. <u>See</u> <u>Burnett v. Comm'r. of Soc. Sec.</u>, 220 F.3d 112, 121 (3d Cir. 2000) ("Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence."); <u>Cotter v. Harris</u>, 642 F.2d 700, 705 (3d Cir. 1981) (An ALJ must provide "not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence that was rejected."). Accordingly, we cannot affirm the decision of the district court.

The ALJ also erred by rejecting the testimony of both Leach and her medical expert,

Dr. Mylod, without providing a reasoned explanation for doing so. The ALJ concluded that Leach was capable of repetitively using her affected arm to "push, pull, or assist with manipulation" of objects. This conclusion was inconsistent with Dr. Mylod's opinion that Leach was unable to perform "any grasping, fine motion, repetitive thing." The ALJ afforded Dr. Mylod's testimony, which was generally consistent with Leach's subjective complaints, "little weight," citing his perception that Dr. Mylod had an "inherent bias" in favor of social security claimants.

A reviewing court typically defers to an ALJ's credibility determinations. Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003). This deference, however, does not extend to situations in which the record does not reveal a sufficient basis for the ALJ's decision to discredit a witness. Id. Relatedly, an ALJ is not permitted to make "speculative conclusions without supporting evidence." Burnett v. Commissioner of Social Security, 220 F.3d 112, 125 (3d Cir. 2000). Here, the record does not support the ALJ's credibility determination. During the hearing, the ALJ summarily dismissed Leach's effort to have a second medical expert appointed, stating, "Why do we need two? I can't think of a more capable orthopedist than Dr. Mylod." The ALJ further noted that he has a "tremendous . . . respect for [Dr. Mylod] as an orthopedist and for his knowledge and ability, and I find him to be a very, very good and reliable witness in many cases." Incongruously, the ALJ subsequently deemed Dr. Mylod an inherently biased witness. This determination is inconsistent, not only with the ALJ's professed respect for Dr. Mylod, but also with the

-3-

fact that Dr. Mylod had extensive experience testifying both on behalf of the Commissioner and on behalf of complainants. Indeed, approximately 80% of Dr. Mylod's previous appearances were on behalf of the Commissioner.

The ALJ also discounted both Dr. Mylod's opinion and Leach's testimony because of a perceived conflict with other medical evidence in the record. Specifically, the ALJ observed that Dr. Fischer "found [Leach's] grips to be excellent" and that Dr. Feman's report indicated good equal bilateral strength. Both Dr. Fischer and Dr. Feman, however, also acknowledged that Leach suffered from carpal tunnel syndrome, and Dr. Fischer noted that Leach would likely need surgery. The conclusion by both doctors that Leach had excellent grip strength, yet nonetheless suffered from severe carpal tunnel syndrome, is consistent with Dr. Mylod's testimony, in which he testified without contradiction that "a one time test of [grip] strength cannot be a valid test for carpal tunnel syndrome. Carpel tunnel syndrome is more with repetitive type problems." The ALJ's conclusion that medical reports reflecting Leach's grip strength undermine Dr. Mylod's testimony is therefore not supported by the record.[1] In addition, neither Dr. Fischer's report nor Dr. Feman's report contradicts Dr. Mylod's conclusion that Leach cannot perform jobs that require repeated grasping, fine manipulation, or any other repetitive motion. Indeed, both

_____

[1]The ALJ also concluded that Dr. Fischer and Dr. Feman's reports indicate that Leach can "use the hand for support and guidance of objects consistently in a work context." Neither doctor, however, rendered any specific opinion about Leach's ability to repetitively use her right hand to support or guide objects.

-4-

Dr. Fischer and Dr. Feman's reports affirmatively state that Leach suffers from severe carpal tunnel syndrome, a disorder commonly understood to originate from repetitive stress. For these reasons, the record does not reveal a sufficient basis for either the ALJ's decision to discredit Dr. Mylod, or the ALJ's related decision to deem Leach's own testimony unsupported.

Because the ALJ's decision is not supported by substantial evidence, we must reverse. We are cognizant that previous error on the part of the ALJ has already caused the case to be remanded once, substantial delaying the case for reasons not attributable to Leach. The administrative record, which has been fully developed through two hearings, contains medical evidence that Leach's right arm is restricted from repetitive motion. The record also contains evidence that an unskilled individual, such as Leach, who is incapable of using one arm to repetitively push, pull, and assist the other arm with manipulation, is not capable of securing employment. Thus, the record contains substantial evidence to support a finding that Leach is disabled. Accordingly, we remand with instructions to award benefits to Leach. See Morales v. Apfel, 225 F.3d 310, 319 (3d Cir. 2000).[2]

REVERSED and REMANDED.

---

[2]Our review of the transcript from the first remand proceeding indicates that the ALJ was somewhat hostile to the remand order, expressly disagreeing with the Appeal's Council request that he attempt to obtain a neurologist. The ALJ also seemed to have little interest in exploring the issues raised by Dr. Mylod and by Leach's own testimony, choosing not to examine Dr. Mylod at all and rebuffing numerous attempts by Leach to have a second expert appointed. This history is an additional factor weighing against remand for a third hearing.